```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                     CIVIL NO. 20-1593 (DSD/TNL)
```

Adedayo Adesida,

       Plaintiff,

v.                                                 **ORDER**

Leslie Tritten Field Office Director,
U.S. Citizenship and Immigration
Services, Minneapolis, MN, and
Ken Cuccinelli, Senior Official
Performing the Duties of the Director,
U.S. Citizenship and Immigration
Services, Washington, D.C.,

       Defendants.

    Marc Prokosch, Esq. and Prokosch Law LLC, 1700 West Highway 36, Suite 570, Roseville, MN 55113, counsel for plaintiff.

    Friedrich A. P. Siekert, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for defendants.

This matter is before the court upon the motion to dismiss or stay the case by defendants Leslie Tritten and Ken Cuccinelli. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted in part.

**BACKGROUND**

This dispute arises out of a delayed determination of plaintiff Adedayo Adesida's naturalization application. Adesida is a lawful permanent resident of the United States and

naturalization applicant. Compl. ¶ 4. Tritten, named here in her official capacity, is the Director of the Minneapolis Field Office of the United States Department of Homeland Security, Citizenship and Immigration Services (USCIS). Id. ¶ 5. Cuccinelli, also named in his official capacity, is the Senior Official Performing the Duties of the Director of USCIS.[1] Id. ¶ 6.

Adesida is a citizen of Nigeria and was admitted to the United States on or about April 23, 2013, as a DV-2, derivative spouse of a diversity lottery winner. Id. ¶ 7. On or about February 14, 2018, Adesida filed an N-400, Application for Naturalization under 8 U.S.C. § 1427. Id. Adesida passed his naturalization exams and other requirements and, on or about February 4, 2019, USCIS interviewed him. Id. USCIS has not yet issued a final decision as to his application. Id.

On June 18, 2020, the Department of Homeland Security (DHS) served Adesida with a notice to appear in immigration court for removal proceedings. Harrison Decl. Ex. B. The notice states that Adesida did not list one of his children on his diversity visa registration. Id. The immigration court received the removal proceedings on June 23, and the case was docketed on July 6. Id. Ex. D. On August 3, the immigration court provided a notice of hearing to Adesida. Adesida Ex., ECF No. 22-2. On August 7, DHS

---

[1] The court will refer to defendants collectively as USCIS unless a finer distinction is required.

2

served Adesida with another notice to appear. Harrison Decl. Ex. C.

Adesida commenced this action on July 17, 2020, asserting that the USCIS has unreasonably failed to issue a timely determination with respect to his naturalization application. He specifically alleges that USCIS has violated 8 U.S.C. § 1447(b) and 8 C.F.R. § 335.3(a), because his interview was more than 120 days ago, and USCIS has failed to act as required. Compl. ¶¶ 10, 16. Adesida alleges that he has exhausted all administrative remedies and asks the court to either grant his application or to order USCIS to adjudicate his application within fourteen days. Id. at 6-7. USCIS now moves to dismiss the complaint or to stay the case pending removal proceedings.

## DISCUSSION

### I. Standard of Review

A court must dismiss an action over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). In a facial challenge under Rule 12(b)(1), the court accepts the factual allegations in the pleadings as true and views the facts in the light most favorable to the nonmoving party. See Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008); see also Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) ("[T]he nonmoving party receives the same protections [for facial attacks

3

under Rule 12(b)(1)] as it would defending against a motion brought under Rule 12(b)(6).") (citation omitted).  By contrast, in a factual challenge, "no presumptive truthfulness attaches to the plaintiff's allegations," and plaintiff has the burden to prove that jurisdiction exists by a preponderance of the evidence. Osborn, 918 F.2d at 730 (internal quotations omitted). Accordingly, the court may look to evidence outside of the record to satisfy itself of its jurisdiction to hear the case.  See Deuser v. Vecera, 139 F.3d 1190, 1192 n.3 (8th Cir. 1998).

**II.  Jurisdiction**

If a naturalization application is denied or delayed, the applicant may seek judicial review within a federal district court. 8 U.S.C. §§ 1421(c), 1447(a)-(b).  Specific to this case, "[i]f there is a failure to make a determination" on a naturalization application within 120 days after the applicant's interview, "the applicant may apply to the United States district court ... for a hearing on the matter."  Id. § 1447(b).  The district court "has jurisdiction over the matter and may either determine the matter or remand the matter" to the USCIS for determination.  Id.  Under 8 U.S.C. § 1429, however, "no application for a naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act ...."

4

At issue here is whether the court is divested of subject matter jurisdiction over a naturalization application when removal proceedings are instituted against the applicant. The Eighth Circuit has not yet addressed this question,[2] and circuits courts are split about whether district courts are stripped of jurisdiction under § 1429. See Klene v. Napolitano, 697 F.3d 666, 667-68 (7th Cir. 2012) (detailing circuit split). USCIS argues that § 1429 divests the court of subject matter jurisdiction because there are pending removal proceedings. Adesida argues that § 1429 does not affect the court's jurisdiction under § 1447(b). The court agrees with Adesida.

Federal courts have limited jurisdiction and "possess only that power authorized by Constitution and statute ...." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). To determine whether a statute is jurisdictional, the United States Supreme Court has adopted a "readily administrable bright line" rule: whether "there is any clear indication that Congress wanted the rule to be jurisdictional." Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 435–36 (2011) (internal quotations omitted) (citing

---

[2] Adesida argues that Haroun v. United States Department of Homeland Security, 929 F.3d 1007 (8th Cir. 2019), conclusively answered this question. Haroun did not address the interplay between 8 U.S.C. §§ 1429 and 1447(b) and is inapposite. Id. at 1012.

Arbaugh v. Y&H Corp., 546 U.S. 500, 515–16 (2006)).  Here, there is no question that § 1447(b) is a jurisdictional statute that gives the court the power to consider Adesida's delayed naturalization application.  See 8. U.S.C. § 1447(b) ("[The district] court has jurisdiction over the matter ....").

The court cannot similarly conclude that § 1429 is a jurisdictional statute, however.  "When Congress decides to strip the courts of subject-matter jurisdiction in a particular area, it speaks clearly."  Minn-Chem, Inc. v. Agrium, Inc., 683 F.3d 845, 852 (7th Cir. 2012) (en banc).  Section 1429 makes no direct reference to the courts or the courts' jurisdiction.  See 8 U.S.C. § 1429.  Instead, the statute limits "[w]hat the Attorney General may do" while removal proceedings are pending, without addressing the court's power to hear a case.  Klene, 697 F.3d at 668; see also Gardener v. Barr, No. 4:18 CV 620 (JMB), 2019 WL 1001340, at *4 (E.D. Mo. Mar. 1, 2019) (finding that § 1429 does affect the court's jurisdiction); Dilone v. Nielsen, 358 F. Supp. 3d 490, 501 (D. Md. 2019) (same).

The court's conclusion is consistent with circuit courts that have addressed the interplay between §§ 1429 and 1447(b).  See Yith v. Nielsen, 881 F.3d 1155, 1161 (9th Cir. 2018) ("§ 1429 restricts only the Attorney General" and does not divest the district court of jurisdiction); Rahman v. Napolitano, 385 F. App'x 540, 544 (6th Cir. 2010) (holding that district courts are not

deprived of jurisdiction under § 1429 but are precluded from granting relief). A majority of other circuit courts have reached similar conclusions regarding the jurisdictional effect of § 1429 when an applicant appeals a denial under § 1421(c). See Gonzalez v. Sec'y of Dep't of Homeland Sec., 678 F.3d 254, 258-59 (3d Cir. 2012) (holding that courts have jurisdiction and can grant declaratory relief); Zayed v. United States, 368 F.3d 902, 906 (6th Cir. 2004) (holding that courts have jurisdiction but § 1429 prevents them from affording requested relief); Klene, 697 F.3d at 668-69 (7th Cir. 2012) (same); Bellajaro v. Schiltgen, 378 F.3d 1042, 1046 (9th Cir. 2004), as amended (Sept. 1, 2004) ("[W]e see no textual basis for concluding that jurisdiction vested in district courts by § 1421(c) is divested by § 1429."); Awe v. Napolitano, 494 F. App'x 860, 865 (10th Cir. 2012) ("[Section] 1429 does not strip district courts of jurisdiction over petitions regarding naturalization applications."). But see Saba-Bakare v. Chertoff, 507 F.3d 337, 340 (5th Cir. 2007) (concluding that the court does not have subject matter jurisdiction pending removal proceedings under § 1429).

Because § 1429 is not a jurisdictional statute that divests the court of its subject matter jurisdiction under § 1447(b), the court has subject matter jurisdiction over Adesida's petition.

**III. Relief**

USCIS argues that Adesida's petition should be dismissed because the court cannot grant his requested relief given the pending removal proceedings. Adesida responds that the court may determine the naturalization application under § 1447(b), despite pending removal proceedings. Under the circumstances presented, the court concludes that the most appropriate action is to stay the case.

As explained above, § 1447(b) grants the court jurisdiction to either (1) "determine the matter" or (2) "remand the matter, with appropriate instructions" for USCIS to determine. Section 1429 bars USCIS from considering naturalization applications during removal proceedings, and, therefore, a remand for USCIS to determine the application is inappropriate. See 8 U.S.C. 1429; Klene, 697 F.3d at 668 ("If the Attorney General cannot naturalize an alien after removal proceedings have begun, the court cannot direct the Attorney General to naturalize the alien. Judges must not order agencies to ignore constitutionally valid statutes."); Ajlani v. Chertoff, 545 F.3d 229, 238–39 (2d Cir. 2008) (holding that district court cannot instruct an agency to determine the application during removal proceedings under § 1429); Zayed, 368 F.3d at 906 (same).

This leaves the question of whether the court may – or should – determine Adesida's naturalization application. Circuit courts

8

are also split regarding this question. See Dilone, 358 F. Supp. 3d at 498-99 (detailing circuit split).  A majority of circuit courts agree that § 1429's limitation on the Attorney General precludes district courts from making a determination on the application, but there is no consensus if other remedies, such as declaratory relief, are available.  Compare, e.g., Ajlani, 545 F.3d at 240 (2d Cir. 2008) (holding that district courts cannot grant any relief while removal proceedings are pending under §§ 1447(b) and 1429), with Gonzalez, 678 F.3d at 260-61 (holding that § 1429 does not preclude the court from granting declaratory relief).  But see Yith, 881 F.3d at 1165 (holding that § 1429 only applies to the Attorney General and does not prevent the court from granting full relief under § 1447(b)).

Even if the court could issue declaratory relief, it believes the better course is to stay the matter pending completion of the ongoing removal proceedings.  As the Seventh Circuit explained, "[t]he existence of overlapping proceedings does not diminish a district court's power but does present a question on which the judge should exercise sound discretion." Klene, 697 F.3d at 669. If the court were to grant Adesida's requested relief, that decision would directly affect the removal proceedings and would invite the question "whether a multi-track course of litigation is the best way to resolve the dispute." Id.  In the exercise of sound discretion, courts may stay cases pending the outcome of the

9

removal proceeding – regardless of the available remedies under § 1429. See, e.g., Gardener, 2019 WL 1001340, at *5; Dilone, 358 F. Supp. 3d at 504; see also Klene, 697 F.3d at 668 ("If some other pending proceeding must be completed before a court can resolve the merits, usually the court should stay the suit rather than dismiss it."). Staying this case pending removal proceedings is the prudent course of action.

First, Congress prioritized removal proceedings over naturalization applications. Zayed, 368 F.3d at 905-06 (explaining that Congress intended to prioritize removal proceedings over naturalization applications); Ajlani, 545 F.3d at 240 (explaining that allowing petitioner to proceed on the naturalization application would restart the race between removal and naturalization Congress sought to end). Consistent with congressional intent, courts routinely stay naturalization proceedings to give priority to removal proceedings. See Dilone, 358 F. Supp. 3d at 504-05 (staying the case to prioritize the conclusion of removal proceedings); Gardener, 2019 WL 1001340, at *5 (same); Eisa v. United States Citizenship & Immigration Servs., No. 05-cv-773, 2005 WL 8164569, at *3 (D. Minn. Dec. 23, 2005), report and recommendation adopted, No. 05-cv-773, 2006 WL 8445001 (D. Minn. Jan. 31, 2006) (remanding to USCIS and staying the case until after removal proceedings).

Second, there may be factual determinations made during removal proceedings that could bear on the merits of Adesida's application. See, e.g., Ajlani, 545 F.3d at 240 (suggesting that information regarding the sufficiency of petitioner's naturalization application may need to be addressed in removal proceedings); Dilone 358 F. Supp. 3d at 503-04 (noting that factual findings in removal proceedings may impact applicant's burden to establish the "good moral character" requirement for naturalization).

As a result, the most appropriate action at this time is to stay the case pending the outcome of removal proceedings. The court retains its subject matter jurisdiction over this matter, and it will address Adesida's § 1447(b) claims after the conclusion of his removal proceedings.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED, that:**

1. The motion to dismiss or to stay the case [ECF No. 14] is granted in part; and

2. This matter is stayed until further order of the court.

Dated: April 26, 2021

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court